IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-21-D

| | |
|---|---|
| CARSPA AUTOMOTIVE, LLC, et al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF RALEIGH, ) | |
| ) | |
| Defendant. ) | |

On March 6, 2014, CarSpa Automotive, LLC, Marjorie Putnam, and Carl Derry (collectively, "plaintiffs") filed a complaint against the City of Raleigh ("the City"), claiming that the City has taken their property without paying just compensation, deprived them of property without due process of law, and denied them equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the North Carolina Constitution [D.E. 3]. Essentially, plaintiffs contend that the City "forced Plaintiffs to give a public access right of way in order to get a building permit" for their property located at 3707 Capital Boulevard in Raleigh, North Carolina, and as a result, their business has not been profitable. Compl. ¶¶ 3–4, 6.

On May 8, 2014, pursuant to Federal Rule of Civil Procedure 12(b)(1), the City moved to dismiss the complaint for lack of subject-matter jurisdiction [D.E. 13]. The City contends that plaintiffs' claims are unripe because plaintiffs have not obtained a final, reviewable decision from the City or sought compensation through North Carolina's state-law procedures for obtaining just compensation. Mem. Supp. Mot. Dismiss [D.E. 14] 3; see Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). On June 5, 2014, plaintiffs

responded in opposition [D.E. 16]. On June 19, 2014, the City replied [D.E. 17]. On July 16, 2014, plaintiffs supplemented their response in opposition [D.E. 18].

A takings claim is not ripe for adjudication in federal court unless the plaintiff has obtained a final administrative decision regarding the application of the challenged regulations to the property, and has sought and been denied just compensation through the available and adequate state procedures. Williamson Cnty., 473 U.S. at 186, 194–95; see, e.g., Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733–34 (1997); Holliday Amusement Co. of Charleston, Inc. v. South Carolina, 493 F.3d 404, 406–07 (4th Cir. 2007). Here, plaintiffs have not obtained a final administrative decision or been denied just compensation.

As for finality, "where the regulatory regime offers the possibility of a variance from its facial requirements, a landowner must go beyond submitting a plan for development and actually seek such a variance to ripen his claim." Suitum, 520 U.S. at 736–37; see, e.g., Acorn Land, LLC v. Baltimore Cnty., 402 F. App'x 809, 814 (2010) (per curiam) (unpublished); New Pulaski Co. Ltd. P'ship v. Mayor and City Council of Baltimore, 217 F.3d 840, 2000 WL 1005207, at *3 (4th Cir. July 20, 2000) (unpublished table opinion). Under the City's regulatory regime, a property owner may appeal to the Board of Adjustment for a variance from the City's ordinances. See N.C. Gen. Stat. § 160A-388(d); Raleigh Code of Ordinances § 10-1061. Plaintiffs do not allege that they sought a variance from the relevant City ordinances, and the City's records contain no variance request from plaintiffs. See Smith Decl. [D.E. 14-3] ¶ 2–3; Crane Decl. [D.E. 14-4] ¶¶ 2–3.[1] Accordingly, plaintiffs have not obtained a final administrative decision. Their failure to do so also bars their due process and equal protection claims. See Williamson Cnty., 473 U.S. at 199–200; Dougherty v. Town of North

---

[1] Where jurisdictional facts are disputed, the court may consider evidence outside the pleadings. See, e.g., United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347–48 (4th Cir. 2009).

2

Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88–89 (2d Cir. 2002); S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 507 (9th Cir. 1990).

In opposition to this conclusion, plaintiffs cite Sherman v. Town of Chester, 752 F.3d 554 (2d Cir. 2014), and argue that the finality requirement should not apply because the City "has behaved badly throughout the permit process." See Resp. Opp'n Mot. Dismiss [D.E. 16] 4–5. In Sherman, the United States Court of Appeals for the Second Circuit held that a takings claimant was not required to satisfy Williamson County's finality requirement because the defendant Town had used "repetitive and unfair procedures" over the span of a decade to avoid issuing a final decision. Sherman, 752 F.3d at 563; see also Acorn Land, LLC, 402 F. App'x at 814 ("landowners are not required to resort to repetitive or unfair land-use procedures to obtain a final decision" (quotation omitted)). Plaintiffs' conclusory allegations of the City's "bad behavior," however, are insufficient to exempt them from the requirement that they obtain a final administrative decision.

Plaintiffs also cite Lanvale Properties, LLC v. County of Cabarrus, 366 N.C. 142, 731 S.E.2d 800 (2012). Lanvale does not help plaintiffs because it involved a challenge to the validity of a local ordinance, not, as here, a claim that an otherwise-valid local ordinance has been unfairly applied to a particular property owner.

Alternatively, even if the final-decision requirement were waived, plaintiffs' takings claim would still not be ripe because plaintiffs have not been denied just compensation. To satisfy Williamson County's state-procedures requirement, plaintiffs "must not only file a state law inverse condemnation claim—they must also be denied just compensation through a final adjudication in state court." Town of Nags Head v. Toloczko, 728 F.3d 391, 399 (4th Cir. 2013) (quotation omitted); see N.C. Gen. Stat. § 40A-51(a); id. § 136-111 (authorizing inverse-condemnation actions).

3

Plaintiffs have not pursued the available and adequate procedures North Carolina provides for seeking just compensation. Accordingly, their takings claim is not ripe.

In sum, the court GRANTS the City's motion to dismiss [D.E. 13] and DISMISSES the complaint for lack of subject-matter jurisdiction.

SO ORDERED. This 30 day of September 2014.

JAMES C. DEVER III
Chief United States District Judge